### JOHN HARRIS, JUDGE OF PROBATE,
*versus*
### JONAS DAVIS, ADMINISTRATOR.

In debt against D. as administrator of W. upon a probate bond given by W. with condition for B.'s faithful administration of M.'s estate, O. pleaded that the suit was brought for the benefit of C. and H. to recover certain claims they had upon the estate of M. and that the said C. and H. did not exhibit said claims to said D. within two years after administration of W.'s estate was committed to him,—held that the plea was bad.

No claim against an executor or administrator, under a probate bond, will be barred by the statute of Feb. 3, 1789, sec. 18, if the bond itself be presented within two years.

THIS was an action of debt brought in the name of the judge of probate for this county against the defendant, as administrator of *Jonas Davis*, deceased, upon probate bond, given by one *Rebecca Batchelder* as principal, upon her appointment as administratrix of the estate of one *Joseph Batchelder*, and in which the said *Jonas Davis*, deceased, was a surety.

Harris
*vs.*
Davis, Admr.

The defendant craved oyer of the bond and condition, and then pleaded in bar that the action was brought for the benefit, and at the instance of *Benjamin Champney* and *John F. Hills*, to recover from the estate of the said *Jonas Davis*, deceased, a certain apportionment decreed by the judge of probate of their respective demands against the estate of the said *Joseph Batchelder*, which was represented as insolvent, and administered upon as such; that the said *Champney* and *Hills*, the real plaintiffs in the suit, were both inhabitants of this state, and that they neglected to exhibit to him their demands in this suit, against the estate of said *Davis*, deceased, being their respective apportionments out of the estate of said *Batchelder*, within two years next after the time of the granting administration on the estate of said *Jonas*, deceased, which he averred to have been granted to him on the 16th July, 1813.

To this the plaintiff demurred, and the defendant joined in demurrer.

*T. Farrar* and *B. Chapney* for the plaintiff.

*C. H. Atherton* for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J.   Probate bonds are given to the judge of probate in trust for the benefit of all those who are interested in the estates to which they relate.   When the condition is in any respect broken, the judge is entitled to maintain an action, and to recover judgment for the whole penal sum named in such bonds.   But the court awards execution only for such sum as, upon a hearing in chancery, is found equitably due at the time of rendering judgment; and for such sums as, upon *scire facias* brought for the purpose, may afterwards be found equitably due on account of further breaches of the condition.   It is, therefore, evident, that in debt on a probate bond, to recover the penalty, although the suit may be instituted at the instance of individuals who have no interest in the judgment to be recovered, yet still it may be prosecuted to judgment for the benefit of those who

Harris
*vs.*
Davis, Admr.

have an interest in it. Hence it is clear, that the plea in this case is no answer to the action. It admits that the bond is the deed of the defendant's intestate; and it neither alleges performance, nor any excuse for the non-performance of the condition; it in fact admits that the condition is broken, and that the plaintiff is entitled to maintain the action, if not barred by the matter of the plea. This matter is that the suit was brought for the benefit of *Champney* and *Hills*, and to recover certain claims which they have upon the estate of *Batchelder*, and which they are not now entitled to recover of the defendant, because they were not presented to him within two years after his appointment as administrator, and are therefore barred by the statute of February 3, 1789, § 18, 1 *N. H. Laws*, 212.—The first answer to the plea is, that, admitting it to be sufficient in law, so far as it goes, it does not answer the whole ground of the action; for *Champney* and *Hills* are not averred to be the only persons who have claims upon the estate of *Batchelder;* therefore, although the action ought not to be maintained for their benefit, still, for aught that appears, it should be maintained for the benefit of others. Another answer to the plea is, that this suit is brought to recover judgment, not for the claim of *Champney* nor *Hills*, but for the penalty of the bond. And the plaintiff's right of action is founded, not upon the validity of their claims, but upon the breach of the condition of the bond. The matter of the plea does not, therefore, meet the ground of the action at all. And further, as the plaintiff claims judgment for the penalty of the bond, it was clearly a compliance with the requisitions of the statute of 1789, if he exhibited the bond to the defendant within the two years. Whoever drew this plea seems not to have recollected that the nature and object of the proceedings in cases of this kind, before judgment, are entirely different from the nature and object of the proceedings after judgment. Before judgment the proceedings are all according to the rigid rules of law, and the object of them is to obtain judgment for the penalty. After judgment, the proceedings are an act of chancery, and

the object of them is to obtain an award of execution for what is equitably due. The merits of particular claims for damages, by reason of breaches of the condition, are not before the court till after the judgment for the penalty, because the action may be maintained by shewing any single breach whatever. Hence, whatever ground there may be for rejecting particular claims upon a hearing in chancery after judgment, still the action may be maintained for the penalty. The defendant's plea is, therefore, clearly bad. Nor can the matter of it avail him on a hearing in chancery, should the plaintiff claim an award of execution for the amount of the debt of *Champney* and *Hills ;* because if the bond was exhibited to the defendant within the two years, their claims were virtually exhibited, being claims directly under the bond.